UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ONIEL DE LA TORRE GARCIA,

Petitioner,

v. Case No.: 2:26-cv-03034-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

/

**OPINION AND ORDER**

Before the Court are Oniel de la Torre Garcia's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

De la Torre Garcia is a native and citizen of Cuba who entered the United States on July 21, 2022, and was apprehended by immigration officials. Immigration and Customs Enforcement (ICE) issued a notice to appear the next day and released De la Torre Garcia on an order of release on recognizance (ORR). De la Torre Garcia has complied with all terms of the ORR, and he has no criminal record. On October 17, 2025, ICE officers arrested De la Torre Garcia when he reported to an ICE office for a scheduled check-in. On June 4, 2026, an immigration judge ordered de la Torre Garcia removed to Cuba. De la Torre appealed, so the removal order is not administratively final.

De la Torre filed a prior habeas action—*de la Torre Garcia v. Warden*, M.D. Fla. Case No. 2:26-cv-2705-SPC-NPM. The Court ordered the government to either conduct a bond hearing or release de la Torre Garcia. On October 22, 2026, Immigration Judge Stuart Siegel found de la Torre Garcia to be a flight risk and denied release on bond.

De la Torre Garcia's second habeas petition asserts four grounds. The first two are duplicative of his prior petition. They argue de la Torre's detention without meaningful process violates the Fifth Amendment, particularly because his detention has now exceeded thirteen months. The Court agreed in the prior habeas action and ordered the government to afford de la Torre Garcia a bond hearing or release him. The government complied by bringing de la Torre Garcia before an immigration judge for a bond hearing. As both parties acknowledge, the Court does not have jurisdiction to review Judge Siegel's discretionary bond decision. The Court finds that de la Torre Garcia is not entitled to additional habeas relief on his first two grounds.

In Counts 3 and 4 of the petition, de la Torre Garcia argues his arrest and re-detention violated the Fourth and Fifth Amendments because there was no warrant and the government did not revoke the ORR.[1] In response, the

[1] De la Torre Garcia incorrectly refers to his 2022 release as "parole." The government clarifies he was released under an ORR rather than released on parole. The Court construes de la Torre Garcia's *pro se* petition liberally. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024). De la Torre Garcia's use of incorrect terminology does not warrant denial of his petition.

government certifies it is detaining De la Torre Garcia under 8 U.S.C. § 1226(a) and argues he failed to exhaust administrative remedies by appealing Judge Siegel's bond decision to the Board of Immigration Appeals (BIA). That is the current means of challenging the results of a bond hearing but not the due process claims relating to his initial arrest and re-detention. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

Because de la Torre Garcia states a bona fide due process claim that falls within this Court's habeas jurisdiction, the Court must address it. But first, the Court notes the significant delay in de la Torre Garcia's objection to the process that accompanied his arrest and re-detention. This is his second habeas petition, and he could have objected to the process that accompanied his arrest earlier. The respondents do not object to the delay, and Eleventh Circuit "decisions indicate that laches rarely applies [in habeas actions] even where the delay in filing a petition has been extreme." *Smith v. Jones*, 256 F.3d 1135, 1142 (11th Cir. 2001) (citing cases that rejected a laches defense when petitions were delayed by as much as eighteen years). Thus, de la Torre Garcia's delay in asserting his instant habeas claim is not a reason to deny it.

The Court turns to the merits. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful,

unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in De la Torre Garcia's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted).

The immigration officials who considered de la Torre Garcia's circumstances in 2022 released him on an ORR. 8 C.F.R. § 236.1(c)(9) governs revocation of an ORR. It gives certain officials discretion to revoke release and return a noncitizen to government custody.[2] No government official purported to revoke de la Torre Garcia's ORR, no official with authority to revoke the ORR took part in his 2025 arrest, and the government has provided no reason

[2] The officials who have authority to revoke release are "the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign)[.]" 8 C.F.R. § 236.1(c)(9).

to justify revocation. Rather, de la Torre Garcia's arrest was an apparently arbitrary action made without regard to his history and circumstances. Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in de la Torre Garcia's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. De la Torre Garcia's detention serves neither purpose. He remains subject to the terms of the ORR, and the government provides no reason to believe those terms are suddenly insufficient. Nor does the government claim he has ever violated them. In fact, ICE arrested him when he reported to ICE as required by the ORR. The record is devoid of any evidence suggesting De la Torre Garcia is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal history whatsoever.

For these reasons, the Court finds that the government violated de la Torre Garcia's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Oniel de la Torre Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release De la Torre Garcia and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record